## MUENCH v GLANDER, Tax Commissioner.

Board of Tax Appeals.

No. 16548. Decided December 15, 1949.

Harry B. Yarnell, Columbus, for appellant.
W. H. Annat, Asst. Atty. Genl., Columbus, for appellee.

### OPINION

This cause and matter came on to be considered by the Board of Tax Appeals upon an appeal filed herein under date of August 15, 1949, from a final sales tax assessment made against the appellant by the Tax Commissioner under date of July 15, 1949, in the total amount of $1013.14, including

penalty, for the audit period January 1, 1945, to December 31, 1948.

The cause was submitted on the notice of appeal, The Tax Commissioner's transcript and the evidence taken before an examiner of this Board.

The facts herein are not in dispute and may be summarized as follows:

During the audit period appellant operated a retail jewelry store and watch repair business; sales tax was charged and collected on all retail sales of jewelry, watches, etc., and no question is made concerning these items; no sales tax was charged to the consumer or paid to the vendor for watch repair work even though items of tangible personal property were incorporated into and used as replacement parts in making said watch repairs; that said failure to charge and collect sales tax on watch repair work was due to a misunderstanding of a statement made by an unidentified employee of the Tax Commissioner; that the watch register kept by appellant, and used by the Tax Commissioner as the basis of the assessment, carried no breakdown of the "price" charged the consumer for watch repairs so as to indicate what portion of the consideration was for labor and what portion was for tangible personal property incorporated into the repaired article.

The pertinent portions of the General Code and the rule of the Tax Commissioner hereto applicable for a proper determination of the validity of the assessment are as follows:

Sec. 5546-1 GC:

"* * * 'Sale' and 'selling' include all transactions whereby title or possession, or both, of tangible personal property, is. or is to be transferred, * * * for a consideration in any manner * * *.

" 'Price' means the aggregate value in money of any thing or things paid or delivered, * * * by a consumer to a vendor in the consummation and complete performance of a retail sale without any deduction therefrom on account of the cost of the property sold, cost of materials used, labor or service cost, * * * or any other expense whatsoever. 'Price' shall not include the consideration received for labor or services used in installing, applying, remodeling or repairing the property sold if the consideration for such services is separately stated from the consideration received for the tangible personal property transferred in the retail sale. * * *."

Sec. 5546-2 GC:

"For the purpose of providing revenue, * * * etc., an excise tax is hereby levied on each retail sale made in this state of tangible personal property on and after the first day of January, 1935 * * * as follows: (Here follows the enumeration of the bracket taxes which are computed on the 'price' charged.)"

Tax Commissioner's Rule No. 73 effective 12-21-'44:

"Repairmen are making sales of all tangible personal property which is transferred by them to their customers in connection with regular repair work. Where the charges for material and labor or service are not separately stated, the tax base for the application of the tax is the full amount charged with no deductions. Where the charge is for material and labor or services are separately stated, the tax shall be computed on the charge for material and no tax shall apply on the labor or service. Repairmen shall purchase tangible personal property to be sold under a certificate of resale and not pay any tax at the time of purchase. Repairmen are consumers of all articles of tangible personal property which are not transferred to their customers and must pay the tax thereon. This rule is applicable to all repairmen, including automobile, shoe, tire and **watch repairmen,** tire retreaders, as well as those engaged in recapping tires, automobile refinishers and automobile painters."

The Supreme Court of Ohio, in the case of **Wilson v. Glander, 151 Oh St, 479, 39 O. O. 298,** in a somewhat similar case involving the above Rule No. 73 and §5546-1 and §5546-2 GC, had this to say in the syllabus:

"Where a person sells material to another and in connection therewith furnishes labor or service in applying such material to his customer's property, the entire transaction shall be considered a sale and subject to tax, unless there is a clear separation, in the making or billing of a charge therefor, of the material furnished and the labor or service performed." (See, also, **Rice v. Evatt, 144 Oh St 483, 30 O. O. 129.**)

It appears to the Board of Tax Appeals that appellant herein has made no deliberate attempt to evade the Sales Tax Law, and if we were vested with an equity jurisdiction appellant's good faith would be given some consideration. However, the Board of Tax Appeals has no equity jurisdiction and, as the Supreme Court of Ohio has said, "is a creature of statute

and is limited to the powers with which it is thereby invested."
**(Steward v. Evatt, 143 Oh St, 547, 28 O. O. 472.)**

. Consequently, upon a consideration of the facts as presented, and of the law applicable thereto, this board can grant no relief to the appellant and must affirm the Tax Commissioner's assessment, which is hereby done.